IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVE E. THOMPSON,            )
                              )
            Plaintiff,        )
                              )
vs.                           )   Case Number CIV-14-652-C
                              )
NORTHCUTT LAW AND ASSOCIATES  )
and CATHY JANES,              )
                              )
            Defendants.       )

## MEMORANDUM OPINION AND ORDER

Plaintiff, appearing pro se, filed the present action asserting that funds from his late father's trust ended up in the Oklahoma Tax Commission's Unclaimed Property Fund and that Defendant Northcutt Law and Associates ("Northcutt") was withholding certain trust funds and committed fraud. Plaintiff also makes some vague comments that his civil rights and his family's civil rights have been trampled due to the trust not being honored correctly. Although the allegations of the Complaint are unclear, it appears that Plaintiff complains about the conduct of Northcutt in relation to that trust.

Defendant Northcutt filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff had failed to establish a basis for the Court's exercise of subject matter jurisdiction. Accompanying its motion, Northcutt attached an affidavit from its president asserting that all members of the P.L.L.C. are residents of Oklahoma, and further asserts the documents attached to the Complaint establish that Plaintiff is an Oklahoma resident. Thus, Northcutt concludes there can be no diversity jurisdiction. Northcutt argues that because

Plaintiff has not pleaded a cause of action raising a claim under federal law, there is no jurisdiction under 28 U.S.C. § 1331.

In response, Plaintiff argues that he has pleaded a claim for declaratory and injunctive relief under 42 U.S.C. § 1983, and that certain of his and his family's constitutional rights have been violated. Plaintiff offers no arguments countering Defendant's demonstration that diversity jurisdiction does not exist. Plaintiff has filed a second Response to the Motion to Dismiss (Dkt. No. 12). This pleading is untimely. See LCvR 7.1(g). Nevertheless, the Court has considered the arguments raised by Plaintiff.

"'[B]ecause the jurisdiction of federal courts is limited, there is a presumption against [federal jurisdiction], and the party invoking federal jurisdiction bears the burden of proof." Full Life Hospice, LLC v. Sebelius, 709 F.3d 1012, 1016 (10th Cir. 2013) (quoting Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999)). A court's right to exercise jurisdiction requires that a claim arise under either 28 U.S.C. § 1331 or § 1332. Section 1332 provides jurisdiction only when the parties to the lawsuit are completely diverse; that is, they are from two different states. See McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir. 2008). Here, the facts from Plaintiff's Complaint, as well as the affidavit provided by Defendant, establish that diversity jurisdiction does not exist. It is undisputed that all parties to this action are residents of the State of Oklahoma. Consequently, jurisdiction cannot be exercised under § 1332.

Plaintiff's contention that he has brought a valid § 1983 claim also must fail. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured

by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988), and Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). Plaintiff has failed on both elements. First, even construed liberally, Plaintiff's Complaint fails to offer anything more than a conclusory assertion that his constitutional rights were violated.[1] That is insufficient to give rise to a valid § 1983 claim. See Robertson v. Las Animas Cnty. Sheriff's Dept., 500 F.3d 1185, 1193 (10th Cir. 2007) ("[c]onclusory allegations are not sufficient to state a constitutional violation."). Second, regardless of the nature of the conduct alleged, to give rise to a § 1983 claim there must be a showing that the alleged offender acted under color of state law. A state action may be found "only if[] there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974)). Plaintiff makes no assertion even remotely suggesting acts by Northcutt that could be construed as state conduct or arising under color of state law. Rather, at most, Plaintiff alleges Northcutt acted wrongly in its handling of his father's trust. In his untimely response, Plaintiff argues that lawyers act under authority of state law and therefore he has stated a § 1983 claim. The law is contrary. See Hunt v. Lamb, 220 F. App'x

---

[1] To the extent Plaintiff attempts to assert claims on behalf of his family, those claims are not permitted. Plaintiff is not an attorney and therefore cannot represent anyone other than himself.

887 (10th Cir. 2007) (recognizing that merely serving as a lawyer does not create "under color of state law" status).  Consequently, Plaintiff has failed to provide a factual basis to raise a § 1983 claim and the Court cannot exercise jurisdiction over this matter pursuant to § 1331.

For the reasons set forth herein, Defendant Northcutt Law Firm, P.L.L.C.'s Motion to Dismiss Plaintiff's Complaint (Dkt. No. 9) is GRANTED.  Plaintiff's claims against Defendant Northcutt Law Firm, P.L.L.C., are DISMISSED without prejudice.[2]

IT IS SO ORDERED this 8th day of September, 2014.

*signature*

ROBIN J. CAUTHRON
United States District Judge

---

[2] The Court notes that Plaintiff requested the U.S. Marshal to effect service on his behalf.  The summons naming Defendant Janes has been returned unserved, noting no valid address was provided.  Plaintiff is reminded that Fed. R. Civ. P. 4(m) requires service within 120 days or the action is subject to dismissal.